THE HONORABLE ROBERT J. BRYAN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SHANI BERRY and GERALD. R. TARUTIS, as guardian ad Litem for minor A.B., <br><br> Plaintiffs, <br> vs. <br><br> WAL-MART STORES, INC., and SPAULDING LIGHTING, <br><br> Defendants. | NO. 3:12-cv-05076-RJB <br><br><br> TARUTIS' RESPONSE IN OPPOSITION TO WAL-MART'S MOTION FOR SUMMARY JUDGMENT AND TARUTIS' RESPONSE TO SPAULDING LIGHTINGS MOTION FOR SUMMARY JUDGMENT |

## RELIEF REQUESTED

Plaintiff Gerald Tarutis as GAL for A.B., a minor, requests the court defer or continue Wal-Mart's motion pursuant to FRCP 56(d).  Either in addition or by alternative, Tarutis requests the court deny Wal-Mart's Motion for Summary Judgment.

Plaintiff does not present evidence to controvert Spaulding Lighting's Motion.

## FACTS

TARUTIS' RESPONSE IN OPPOSITION TO WAL-MART'S MOTION FOR SUMMARY JUDGMENT AND RESPONSE TO SPAULDING LIGHTINGS MOTION FOR SUMMARY JUDGMENT        - 1 -
No. 3:12-cv-05076-RJB

Daniel Gordy & Associates PLLC

2125 Western Avenue, Suite 204
Seattle, Washington 98121
Tel.  (206) 338-7777
Fax.  (206) 338-7788/(877) 453-7804

The claims on behalf of AB arise from injuries AB sustained as a result of an incident at the premises of Wal-Mart in Spanaway, Washington on October 1, 2008 ("the incident"). At that time, AB was two years of age.

At approximately 7:20pm, AB, his mother Shani Berry, and two other children used a paved walkway that had been designed, built, and maintained by Wal-Mart. Wal-Mart invited the public to use the walkway. The walkway allowed a direct and paved pathway between a parking area and a Community Transit bus stop and parking area and the entrance to the Wal-Mart store.

The group used the walkway after leaving the Wal-Mart store. While on the walkway, AB reached out and touched one of six identical lighting units which lined the paved walkway with his left hand. AB touched the unit with his left fingers, and he was electrocuted. He sustained significant electrical burn injuries. The injuries include a deep partial thickness electrical burn at the areas of at his left index, middle, and pinkie fingers. His index finger is currently deformed and will require a surgical procedure in the future. Thus far AB required in-patient hospitalizations, has undergone five surgical procedures, and will have another when he reaches sufficient age and growth. In the course of care, AB developed a skin graft infection at his left finger. Drainage of the infection and removal of the allograft revealed significant necrosis of tissue and a rupture of the flexor tendon. AB was maintained on pain medications such as oxycodone and Tylenol for significant time periods. AB experienced multiple associated symptoms which included diarrhea, behavioral issues, and excoriation of the skin around his testicles and his inner groin, and diaper rash.

TARUTIS' RESPONSE IN OPPOSITION
TO WAL-MART'S MOTION FOR
SUMMARY JUDGMENT AND RESPONSE
TO SPAULDING LIGHTINGS MOTION
FOR SUMMARY JUDGMENT      - 2 -
No. 3:12-cv-05076-RJB

Daniel Gordy Associates PLLC
2125 Western Avenue, Suite 204
Seattle, Washington 98121
Tel.  (206) 338-7777
Fax.  (206) 338-7788/(877) 453-7804

The lighting unit that AB touched, along with five other identical units installed in the same area was all manufactured by Spaulding Lighting. The units were all connected to a central power source. Each unit essentially consisted of a fixture attached to a 3' light pole. Normally, it is not dangerous to touch the unit. The live wires are located such that they cannot be contacted unless the exterior of the fixture is broken. However, the unit AB touched was badly damaged so that AB easily contacted a live wire. The only ways live wires could be accessed is if the exterior of the fixture is broken in such a manner access is possible. More likely however, the clips which secure the fixture had been broken, and the fixture was wholly or partially dislodged from the light pole. Because Wal-Mart failed to document any investigation and failed to preserve a record of the conditions, the appearance of the fixture at the time cannot be known.

Wal-Mart alleges that the fixture (along with five others) had been damaged by an unknown vandal or vandals at some undetermined but earlier date and time. Wal-Mart alleges it had no way to know the fixture presented a risk of electrocution, because "it looked completely normal". It appears that all six units were badly damaged prior to the incident.

Wal-Mart did not have an established practice or policy for regular physical inspections or documentation of inspections to assess the walkway or lighting units for unsafe conditions. Wal-Mart cannot provide any records to document the condition of the area or lighting units in the days or weeks prior to the incident. Wal-Mart has security cameras in the area, but they fail to show the involved lighting unit. The video provided by Wal-Mart does purportedly show the area in the several minutes prior to the incident. The video's does not indicate the existence of contemporaneous vandalism to the fixtures.

TARUTIS' RESPONSE IN OPPOSITION
TO WAL-MART'S MOTION FOR
SUMMARY JUDGMENT AND RESPONSE
TO SPAULDING LIGHTINGS MOTION
FOR SUMMARY JUDGMENT       - 3 -
No. 3:12-cv-05076-RJB

*Daniel Gordy & Associates* PLLC

2125 Western Avenue, Suite 204
Seattle, Washington 98121
Tel.  (206) 338-7777
Fax.  (206) 338-7788/(877) 453-7804

The condition of the dangerous unit immediately prior to and subsequent to the incident is uncertain because Wal-Mart did not preserve evidence or document the scene before it was altered by Wal-Mart.  The means Wal-Mart used to remove the fixtures is also unknown, but may have damaged the units.  Wal-Mart did not document whether debris was located in the area, which could indicate whether the vandalism was more recent.  Significant damage to the fixtures was described by Douglas Barovsky, PE who inspected exemplar units for Wal-Mart on May 21, 2009.  Mr. Barovsky describes observable damage to the fixture's glass diffusers, interior brackets or clips, louvers, and lenses.  This is apparent damage which would be observable by Wal-Mart prior to the incident.

The length of time Wal-Mart allowed the hazard to exist would normally be ascertainable or narrowed by use of inspection reports or checklists.  This cannot be done in this matter because Wal-Mart did not document or conduct regular physical inspections.

The scope, extent, and timing of the alleged vandalism are not known.  Wal-Mart did not make any affiliated vandalism reports.  Wal-Mart did not create or preserve any documentation that the incident or vandalism was investigated in its regular course of business.  There are no incident reports of the October 1, 2008 incident, or investigation records.   Wal-Mart also did not retain or cannot locate evidence of a store policy or practice of safety or other inspections of the walkway area in the months or years which preceded the incident.   The area and instrumentalities were under the exclusive control of Wal-Mart.  The spoliation of evidence by Wal-Mart is the only reason various facts including the length of time the lighting unit presented a hazardous condition prior to the incident are undetermined.

TARUTIS' RESPONSE IN OPPOSITION
TO WAL-MART'S MOTION FOR
SUMMARY JUDGMENT AND RESPONSE
TO SPAULDING LIGHTINGS MOTION
FOR SUMMARY JUDGMENT         - 4 -
No. 3:12-cv-05076-RJB

Daniel Gordy & Associates PLLC

2125 Western Avenue, Suite 204
Seattle, Washington 98121
Tel.  (206) 338-7777
Fax.  (206) 338-7788/(877) 453-7804

It is known that the unit presented an unreasonable hazard to users on October 1, 2008. This is known because two-year old AB was electrocuted simply by touching the unit.

Immediately after AB was electrocuted, Shani Berry and AB returned to the store and reported the incident and apparent injuries to Wal-Mart employees. Wal-Mart did not investigate the incident. Wal-Mart did not preserve the scene or document the conditions. Wal-Mart did not create an incident report. Although after the incident, Wal-Mart employees removed the light box fixtures from either their poles or from the ground (the condition and appearance of the fixtures and area immediately subsequent to the occurrence and before removal by Wal-Mart was not documented). Wal-Mart did not record or preserve a record of the conditions of the scene.

This matter was originally filed on September 30, 2011 in Pierce County Superior Court. Teri Rideout, Esq. represented the interests of AB, through AB's prior GAL, Cheryl Robbins-Berg. Ms. Rideout also represented Shani Berry, AB's mother. Defendant Spaulding Lighting was added to the Pierce County Superior Court case by amended complaint. On January 27, 2012, upon diversity grounds, Spalding filed a Notice of Removal to federal court.

For reasons detailed in the pleadings associated with Ms. Rideout and Ms. Berg's respective Motions of Withdrawal, the case for AB sat "fallow" for several months. Due to client difficulties with Shani Berry, the development of the case was stalled, and the case scheduling order was not followed. Disclosures were not made, discovery was not pursued, areas requiring expert testimony had not been determined, and witnesses were not retained or disclosed. This court granted Ms. Rideout and Ms. Berg's Withdrawal motions on July 13, 2012.

TARUTIS' RESPONSE IN OPPOSITION
TO WAL-MART'S MOTION FOR
SUMMARY JUDGMENT AND RESPONSE
TO SPAULDING LIGHTINGS MOTION
FOR SUMMARY JUDGMENT        - 5 -
No. 3:12-cv-05076-RJB

Daniel Gordy Associates PLLC
2125 Western Avenue, Suite 204
Seattle, Washington 98121
Tel.  (206) 338-7777
Fax.  (206) 338-7788/(877) 453-7804

AB remained unrepresented until the undersigned appeared on November 13, 2012. Shani Berry is still unrepresented. The undersigned obtained possession of the bulk of the file from Ms. Rideout on November 15, 2012. By this time, various case schedule dates had lapsed or loomed immediately. The deadline for Disclosure of Expert Witness Testimony was September 26th, 2012. No expert disclosure was submitted upon behalf of AB. The deadline for Discovery Motions was November 5, 2012. The Discovery Cutoff date was November 26, 2012, and the deadline for Dispositive Motions was December 26, 2012.

### ISSUES PRESENTED

1. **Should this Motion be Continued or Deferred pursuant to FRCP 56(d) to allow Evidence to be Obtained Necessary to Controvert the Motion and establish the Claims for AB.**
2. **Should the Court Deny Summary Judgment where Review of the Evidence by a Reasonable Mind Could Lead to Different Conclusions, and Where there is Not an Absence of Genuine Issues of Material Fact.**

### EVIDENCE RELIED UPON

Declaration of Daniel Gordy; Court File and Pleadings.

### AUTHORITY AND ARGUMENT

1. **It is Appropriate for the court to Continue or Defer Wal-Mart's Motion Pursuant to FRCP 56(d)**

FRCP 56(d) provides authority for the court to continue, defer, deny, or otherwise ensure the equitable administration of its rules, and when appropriate ensure that the interests of justice are served.

FRCP 56(d) reads:

> WHEN FACTS ARE UNAVAILABLE TO THE NONMOVANT. If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:

**TARUTIS' RESPONSE IN OPPOSITION TO WAL-MART'S MOTION FOR SUMMARY JUDGMENT AND RESPONSE TO SPAULDING LIGHTINGS MOTION FOR SUMMARY JUDGMENT** - 6 -
**No. 3:12-cv-05076-RJB**

*Daniel Gordy & Associates* PLLC
2125 Western Avenue, Suite 204
Seattle, Washington 98121
Tel. (206) 338-7777
Fax. (206) 338-7788/(877) 453-7804

(1) defer considering the motion or deny it;

(2) allow time to obtain affidavits or declarations or to take discovery; or

(3) issue any other appropriate order.

(e) FAILING TO PROPERLY SUPPORT OR ADDRESS A FACT. If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:

(1) give an opportunity to properly support or address the fact;

(2) consider the fact undisputed for purposes of the motion;

(3) grant summary judgment if the motion and supporting materials — including the facts considered undisputed — show that the movant is entitled to it; or

(4) issue any other appropriate order.

    In this matter, time is needed for plaintiff's counsel to retain additional expert testimony. Such is necessary to directly controvert the claims in Wal-Mart's motion, and to establish claims for AB at trial. Counsel could retain or disclose additional expert's for response to this motion, because the disclosure deadlines had passed prior to counsel's appearance.

    The need for a FRCP 56(d) remedy is not due to fault of AB, of counsel, or of the current SGAL. The claims upon AB's behalf had lain fallow, and they not been fully developed by prior counsel for reasons stated in the pleadings. Current counsel was not able to obtain the file from prior counsel until November 15, 2012. By that date, important case schedule deadlines had already been missed for AB. By the time current counsel obtained the file, it was too late in the case schedule for counsel to develop AB's claims. Critical dates had already lapsed. There has not been opportunity to retain necessary expert witnesses; there has been no opportunity to follow-up on written discovery; and no depositions have occurred. Specific to Wal-Mart's

TARUTIS' RESPONSE IN OPPOSITION
TO WAL-MART'S MOTION FOR
SUMMARY JUDGMENT AND RESPONSE
TO SPAULDING LIGHTINGS MOTION
FOR SUMMARY JUDGMENT       - 7 -
No. 3:12-cv-05076-RJB

Daniel Gordy & Associates PLLC

2125 Western Avenue, Suite 204
Seattle, Washington 98121
Tel.  (206) 338-7777
Fax.  (206) 338-7788/(877) 453-7804

1  summary judgment motion, Tarutis seeks time to retain expert testimony to directly controvert
2  Wal-Mart's motion.

summary judgment motion, Tarutis seeks time to retain expert testimony to directly controvert Wal-Mart's motion.

The court could certainly deny Wal-Mart's motion on the substantive grounds that the evidence and reasonable inferences do not establish the absence of genuine issues for trial. However, AB's claims cannot be established at trial absent opportunity for counsel to add additional witnesses on both liability and damages. Liability issues expected to be addressed will likely include opinion evidence as to industry standards and custom practices and the adequacy and reasonableness of Wal-Mart's accident\injury prevention procedures and practices for the subject walkway and lighting units. Such will necessarily include evidence which directly bears upon the issue of notice, including foreseeability.

Counsel has already consulted with likely expert witnesses. Counsel is prepared to quickly retain an expert and provide evidence to directly meet this motion.

2. **SUMMARY JUDGMENT SHOULD BE DENIED.**

   a. **The Court Should Deny Summary Judgment Because There Are Genuine Issues of Material Fact. Further, Viewing the Evidence and Resolving Inferences in a Light Most Favorable to the Non-Movant, Reasonable Minds Could Reach Different Conclusions.**

In determining if summary judgment is appropriate, the court must consider all evidence and inferences in a light most favorable to the non-moving party. **Ranger Ins. Co. v. Pierce County**, 164 Wn.2d 545, 552, 192 P.3d 886 (2008); **Davis v. Niagara Mach. Co.**, 90 Wn.2d 342, 581 P.2d 1344 (1978). "A genuine issue of material fact exists where reasonable minds could differ on the facts controlling the outcome of the litigation." **Ranger Ins. Co.,** 164 Wn.2d at 552. The court must consider the facts in the light most favorable to the non-movant, and the

TARUTIS' RESPONSE IN OPPOSITION
TO WAL-MART'S MOTION FOR
SUMMARY JUDGMENT AND RESPONSE
TO SPAULDING LIGHTINGS MOTION
FOR SUMMARY JUDGMENT      - 8 -
No. 3:12-cv-05076-RJB

TARUTIS' RESPONSE IN OPPOSITION TO WAL-MART'S MOTION FOR SUMMARY JUDGMENT AND RESPONSE TO SPAULDING LIGHTINGS MOTION FOR SUMMARY JUDGMENT - 8 - No. 3:12-cv-05076-RJB

Daniel Gordy Associates PLLC
2125 Western Avenue, Suite 204
Seattle, Washington 98121
Tel. (206) 338-7777
Fax. (206) 338-7788/(877) 453-7804

1  motion should only be granted if consideration of the evidence would lead reasonable minds to only one conclusion. **Bohn vs. Cody,** 119 Wn2d 357 (1992). It should further be noted that Washington courts have held that whether a landowner has taken reasonable precautions to protect users of land is a question of fact to be resolved by the trier of fact. **See, Rockefeller vs. Standard Oil Co.,** 11 Wn. App 520 91974); **Makoninev vs. Svinth,** 21 WnApp 16 (1978).

Summary judgment must be denied where the evidence itself fails to establish the absence of material factual issues. This is true even without submission of opposing evidence. Cornell University Law School, Legal Information Institute, Rule 56 Summary Judgment, Notes of Advisory Committee on Rules – 1945 Amendment, 2007 Amendment.

### b. Wal-Mart's Duty of Care.

A possessor of land owes the highest duty of care for landowners to business visitors and invitees. 16 Wash. Prac., Tort Law And Practice § 17.5 (3d ed.) (Citing **Home v. North Kitsap School Dist.**, 92 WnApp 709, 965 P.2d 1112 (1998)). The duty is that of reasonable or ordinary care. This includes an affirmative duty to inspect and discover dangerous conditions. 16 Wash. Prac., Tort Law And Practice § 17.5 (3d ed.) (and cited cases). A possessor's duty includes the obligation to maintain those portions of the premises which the invitee is expressly or impliedly invited to use or that he might reasonably be expected to use a in a reasonably safe condition. See **Radford v. Hoquiam**, 54 WnApp 351, 360, 773 P.2d 861 (1989).

The invitee has the right to expect that the premises have been made safe for the invitee's ordinary use. Comments to the **Restatement (Second) of Torts §343** imply that the possessor is

TARUTIS' RESPONSE IN OPPOSITION
TO WAL-MART'S MOTION FOR
SUMMARY JUDGMENT AND RESPONSE
TO SPAULDING LIGHTINGS MOTION
FOR SUMMARY JUDGMENT     - 9 -
No. 3:12-cv-05076-RJB

Daniel Gordy Associates PLLC
2125 Western Avenue, Suite 204
Seattle, Washington 98121
Tel. (206) 338-7777
Fax. (206) 338-7788/(877) 453-7804

to take reasonable care to ascertain the actual condition of the premises and take steps to protect the invitees from foreseeable harm. **See,** cmt. d.   Comment "e" reads as follows:

> e. Preparation required for invitee.  In determining the extent of preparation which an Invitee is entitled to expect to be made for his protection, the nature of the land and the purposes for which it is used are of great importance. One who enters a private residence even for purposes connected with the owner's business, is entitled to expect only such preparation as a reasonably prudent householder makes for the reception of such visitors. **On the other hand, one entering a store, theatre, office building, or hotel, is entitled to expect that his host will make far greater preparations to secure the safety of his patrons than a householder will make for his social or even his business visitors**.

Restatement, § 343 cmt. e. (emphasis supplied)

Issues of material fact are almost always present where the dangerous condition was not caused by the possessor.  In that case, a plaintiff may establish the possessor knew or should have known of the hazardous condition in time to remedy the situation.  **Ingersoll v. DeBartolo, Inc.**, 123 Wash.2d 649, 652, 869 P.2d 1014 (1994) ;( citing **Brant v. Market Basket Stores, Inc.**, 72 Wash.2d 446, 451-52, 433 P.2d 863 (1967).  Whether a defective condition existed long enough so that it should have reasonably been discovered is a question of fact for the jury. **Presnell v. Safeway Stores, Inc.**, 60 Wash.2d 671, 675, 374 P.2d 939 (1962) (citing **Bridgman v. Safeway Stores, Inc.**, 53 Cal.2d 443, 348 P.2d 696, 2 Cal.Rptr. 146 (1960).

Here, a reasonable fact-finder can review the evidence of damages to the lighting units, consider Wal-Mart's procedures and documentation, make reasonable inferences, and conclude that Wal-Mart did not act reasonably in its failure to discover the hazardous condition.

Various issues of material are unresolved. Included are whether the damage to the fixtures and area caused by vandals prior to the incident should have been noticed earlier; whether the brutalized condition of the units were reasonably apparent and should have been

TARUTIS' RESPONSE IN OPPOSITION
TO WAL-MART'S MOTION FOR
SUMMARY JUDGMENT AND RESPONSE
TO SPAULDING LIGHTINGS MOTION
FOR SUMMARY JUDGMENT         - 10 -
No. 3:12-cv-05076-RJB

Daniel Gordy Associates PLLC
2125 Western Avenue, Suite 204
Seattle, Washington 98121
Tel.  (206) 338-7777
Fax.  (206) 338-7788/(877) 453-7804

discovered by Wal-Mart. The vandals allegedly destroyed six of the light fixtures along the walkway, including the one touched by AB. Inspection of the removed fixtures indicated significant and apparent damage to the units. The fixtures had been pounded. There was extensive and apparent damage to the lenses, louvers, glass diffusers. The fixtures may have been fully or partially separated from their poles. If so, the hazards were not latent and should have been noticed by Wal-Mart in the exercise of ordinary care. Photographs submitted by Wal-Mart and taken the day following the incident indicate that the fixtures had been torn from their poles, and wires protrude. It can reasonably be found that the vandalism was extensive, took some time, created a mess, and was loud. Given this, a jury may find Wal-Mart's failure to know of the associated hazards was not reasonable and Wal-Mart acted below the standard of care a possessor owes an invitee.

The condition of the light fixture at the time of the incident is unresolved. Wal-Mart itself contributes to the question of fact by claiming that the light had been vandalized prior to the incident, there is evidence of substantial damages to the exteriors and interiors of the six light units, yet Wal-Mart claims the unit appeared in all respects to be in good working order such that Wal-Mart had no reasonable means to suspect a hazard existed.

      **b.** **Vandalism is Foreseeable. It is a Normal Occurrence and Constant known Risk. It is Also Known that Live Powered Lighting Fixtures Can Become Dangerous if Damaged**.

Common sense tells us that properly maintained and inspected lighting units do not generally present accessible hazards of electrocution. A properly maintained fixture does not allow simple and easy access such that a two year old can simply reach out and contact a live

TARUTIS' RESPONSE IN OPPOSITION
TO WAL-MART'S MOTION FOR
SUMMARY JUDGMENT AND RESPONSE
TO SPAULDING LIGHTINGS MOTION
FOR SUMMARY JUDGMENT      - 11 -
No. 3:12-cv-05076-RJB

Daniel Gordy & Associates PLLC
2125 Western Avenue, Suite 204
Seattle, Washington 98121
Tel.  (206) 338-7777
Fax.  (206) 338-7788/(877) 453-7804

wire. Had Wal-Mart inspected the area, it is likely Wal-Mart would discover that a group of six fixtures had been battered, parts were cracked and broken, and the fixtures detached in whole or part from the poles. Wal-Mart should then have ensured that invitees are warned or protected from contacting the live electrical wires. Noting the dangerous condition is Wal-Mart's duty, not the invitee's. The invitee may rely on the expectation that the premises have been inspected and made safe for ordinary use.

Damage to property by vandalism (or other means, such as accident, wear and tear, age, etc) is a constant known threat. It is unreasonable to claim vandalism is not foreseeable- whether in Spanaway or any other city.

Because the appurtenance is vulnerable to vandalism or other damage, and can present unreasonable hazards if allowed to remain in a damaged condition, reasonable inspection practices should account for this known risk. It is simply common sense that lighting units are subject and vulnerable to damage by vandalism or by other forces. It is known that a damaged lighting fixture connected to a live power source can present unreasonably dangerous hazards if damaged. Thus reasonable care by a possessor of land of those areas which the public are invited to use includes a practice of regular physical inspections to discover and handle potentially unsafe conditions. Damage to lights, including by vandalism, are within the realm of foreseeable events. That is why Wal-Mart maintains insurance coverage for potential losses caused by vandalism—it's a known risk.

    c.    **Defendants' Spoliation of Evidence, Should Shifts the Burden on the Defendants to Prove They Were Not Negligent**

TARUTIS' RESPONSE IN OPPOSITION
TO WAL-MART'S MOTION FOR
SUMMARY JUDGMENT AND RESPONSE
TO SPAULDING LIGHTINGS MOTION
FOR SUMMARY JUDGMENT        - 12 -
No. 3:12-cv-05076-RJB



2125 Western Avenue, Suite 204
Seattle, Washington 98121
Tel.  (206) 338-7777
Fax.  (206) 338-7788/(877) 453-7804

As set forth in the Facts, Wal-Mart failed to preserve important evidence, or document important conditions. The area has been in Wal-Mart's exclusive control, and Wal-Mart was aware of the potential claim, and need to preserve evidence, or preserve documentation of the conditions of the area. It is improper for Wal-Mart to benefit from spoliation of evidence.

Spoliation refers referring to the legal conclusion that a party's destruction of evidence was both willful and improper. Tegland, 5 Wash. Practice: Evidence §402.6 at 37 (Supp. 2005). **Henderson v. Tyrrell,** 80 WnApp.592 (1996). **Henderson** adopted a two-prong test to determine whether evidence was spoliated:

1. What is the potential importance or relevance of the missing evidence? and;
2. What is the culpability or fault of the adverse party? *Id.* at 607 (citations omitted).

Analysis of these two issues depends on the particular circumstances of the case. Does the loss or destruction of the evidence give an investigative advantage for one party over another? Did the moving party have an adequate opportunity to examine the evidence? *Henderson* at 607. The culpability issue necessitates analysis of whether the party acted in bad faith, or with conscious disregard of the importance of the evidence, or was there some "innocent explanation." *Id.* at 609. Even in the absence of bad faith, a party may still be liable for the destruction of evidence where there was a duty to preserve it. *Id.* at 610. Given this, AB should not be penalized because of Wal-Mart's culpability in the spoliation of important evidence. Inferences are appropriate in favor of the plaintiff. It may also be appropriate for other remedies, such as a shift of burden of proof.

TARUTIS' RESPONSE IN OPPOSITION
TO WAL-MART'S MOTION FOR
SUMMARY JUDGMENT AND RESPONSE
TO SPAULDING LIGHTINGS MOTION
FOR SUMMARY JUDGMENT           - 13 -
No. 3:12-cv-05076-RJB

Daniel Gordy Associates PLLC

2125 Western Avenue, Suite 204
Seattle, Washington 98121
Tel.  (206) 338-7777
Fax.  (206) 338-7788/(877) 453-7804

1  **Respectfully submitted this 14th day of January, 2013.**

*Daniel Gordy & Associates PLLC*

/s/ Daniel Gordy
Daniel Gordy, WSBA No. 18917
2125 Western Avenue, Suite 204
Seattle, Washington  98121
Telephone: (206) 338-7777
Facsimile: (206) 338-7788 & (877) 453-7804
E-Mail: dan@gordylegal.com
Attorneys for Plaintiff

2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

**TARUTIS' RESPONSE IN OPPOSITION
TO WAL-MART'S MOTION FOR
SUMMARY JUDGMENT AND RESPONSE
TO SPAULDING LIGHTINGS MOTION
FOR SUMMARY JUDGMENT                - 14 -
No. 3:12-cv-05076-RJB**

*Daniel Gordy & Associates PLLC*

2125 Western Avenue, Suite 204
Seattle, Washington 98121
Tel.  (206) 338-7777
Fax.  (206) 338-7788/(877) 453-7804

## CERTIFICATE OF SERVICE

I, Sue Phommachit, am employed by law firm of Daniel Gordy & Associates, PLLC, 2125 Western Avenue, Suite 204, Seattle, WA 98121, appearing as attorney of record for the plaintiff, Gerald R. Tarutis, guardian ad Litem for the minor A.B., herein.

I caused a true and correct copy of the foregoing document to be electronically filed with the Clerk of the Court using the CM/EMF system, which will send notification of such filing to the following:

| | |
|---|---|
| Jose E. Gaitán, WSBA No. 7347<br>Virginia Leeper, WSBA No. 10576<br>Cecilia Rikard, WSBA No. 43832<br>3131 Elliott Avenue, Suite 700<br>Seattle, WA 98121-1047<br>Phone: (206) 346-6000<br>Fax: (260) 346-6019<br>jgaitan@gaitan-law.com<br>vleeper@gaitan-law.com<br>crickard@gaitan-law.com<br>**Attorneys for Defendant Wal-Mart Stores Inc.** | Kelly P. Corr, WSBA No. 0555<br>William Walsh, WSBA No. 21911<br>Sarah E. Tilstra, WSBA No. 35706<br>1001 Fourth Avenue, Suite 3900<br>Seattle WA 98154<br>Phone: (206) 625-8600<br>Fax: (206) 625-0900<br>kcorr@corrcronin.com<br>wwalsh@corrcronin.com<br>stilstra@corrcronin.com<br>**Attorneys for Defendant Spaulding Lighting, a division of Hubbell Lighting, Inc.** |

I certify under penalty of perjury of the laws of the State of Washington that I sent, on January 14, 2013, the document as referenced below as follows:

Postage prepaid, first-class mail; and email to:

Shani Berry
5908 Evergreen Way, Apt. C
Everett, WA 98203-6033
Shani.berry@hotmail.com

**Signed at Seattle, Washington on this 14th day of January, 2013.**

_____
Sue Phommachit [sue@gordylegal.com]

TARUTIS' RESPONSE IN OPPOSITION
TO WAL-MART'S MOTION FOR
SUMMARY JUDGMENT AND RESPONSE
TO SPAULDING LIGHTINGS MOTION
FOR SUMMARY JUDGMENT          - 15 -
No. 3:12-cv-05076-RJB

*Daniel Gordy & Associates* PLLC

2125 Western Avenue, Suite 204
Seattle, Washington 98121
Tel. (206) 338-7777
Fax. (206) 338-7788/(877) 453-7804