1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

GERALD R TARUTIS and SHANI
BERRY,

                    Plaintiffs,

        v.

WAL-MART STORES, INC., and
SPAULDING LIGHTING, INC.,

                  Defendants.

CASE NO. C12-5076 RJB

ORDER DISMISSING WITHOUT
PREJUDICE SHANI BERRY AS
PLAINTIFF

17
18
19
20
21
22
23
24

       This matter comes before the court on review of the file.  The court has considered the record in this case, and is fully advised.

       On January 27, 2012, this case was removed from Pierce County Superior Court.  Dkt. 1. The case was filed by Cheryl Berg, as guardian of the minor child A.B., on behalf of A.B. and of the child's mother, Shani Berry.  Dkt. 1-1.  The complaint alleges that the minor child was injured when he touched a light fixture on the premises of Wal-Mart.  Dkt. 1-1.  Wal-Mart Stores, Inc., and Spaulding Lighting, Inc., were named as defendants.  Dkt. 1-1.

ORDER DISMISSING WITHOUT PREJUDICE
SHANI BERRY AS PLAINTIFF- 1

1       On July 13, 2012, the court granted plaintiff's attorneys' motion to withdraw (Dkt. 19)

2 and Ms. Berg's motion to withdraw as guardian for A.B (Dkt. 20).  Both orders were sent to

3 Shani Berry (Dkt. 19 and 20).

4       On July 16, 2012, the court appointed Gerald R. Tarutis as guardian *ad litem* for A.B.

5 Dkt. 22.  This order was also sent to Shani Berry.  Dkt. 22.

6       On July 31, 2012, the three orders that had been sent to Shani Berry were returned by the

7 Post Office as undeliverable.  Dkt. 24, 25, and 26.

8       On December 26, 2012, Wal-Mart filed a motion for summary judgment.  Dkt. 36.  On

9 January 3, 2013, the court issued an order renoting the motion for summary judgment; a copy of

10 the court's order was sent to Shani Berry.  Dkt. 39.  On January 11, 2013, the mail was returned

11 to the Clerk's Office as "not deliverable as addressed/unable to forward."  Dkt. 42.

12       Under Fed.R.Civ.P. 41(b), a district court may dismiss an action for failure to prosecute

13 or for failure to comply with a court order.  *See*  Fed.R.Civ.P. 41(b);  *Malone v. United States*

14 *Postal Serv*., 833 F.2d 128, 130 (9th Cir.1987), *cert. denied*,  488 U.S. 819 (1988). In

15 determining whether to dismiss an action for lack of prosecution, the district court is required to

16 weigh several factors: (1) the public's interest in expeditious resolution of litigation; (2) the

17 court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) public policy

18 favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.

19 *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir.1988).

20       Local Rule CR 41(b)(2) provides as follows: A party proceeding  pro se shall keep the

21 court and opposing parties advised as to his current address.  If mail directed to a *pro se* plaintiff

22 by the clerk is returned by the Post Office, and if such plaintiff fails to notify the court and

23

24

opposing parties within 60 days thereafter of his current address, the court may dismiss the action without prejudice for failure to prosecute.

Since July 13, 2012, Ms. Berry has been proceeding *pro se* in this case.  She has failed to notify the court and opposing parties of a current address.

The public and the defendants have an interest in expeditious resolution of this litigation. The court has a responsibility to manage the docket in the interest of fairness and efficiency to all parties.  Defendants have an interest in resolving the case.  Finally, a dismissal of Ms. Berry as a plaintiff appears to be the only option available.  A dismissal without prejudice would afford Ms. Berry the possibility of pursuing a case in the future.  However, this order does not affect any statute of limitations that may apply.  Accordingly, the court should dismiss without prejudice Ms. Berry as a plaintiff.

Accordingly, Shani Berry is **DISMISSED** as a plaintiff in this case, without prejudice to Ms. Berry refiling a case in the future.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 17th day of January, 2013.

ROBERT J. BRYAN
United States District Judge