1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

9

10

11  GERALD R TARUTIS as guardian ad          CASE NO. c12-5076 RJB
    litem for A.B., a minor, and SHANI
12  BERRY,                                    ORDER DENYING WITHOUT
                                              PREJUDICE DEFENDANT WAL-
13                          Plaintiffs,       MART STORES, INC.'S MOTION
                                              FOR SUMMARY JUDGMENT
14              v.

15  WAL-MART STORES, INC., and
    SPAULDING LIGHTING, INC.,
16
                            Defendants.
17

18       This matter comes before the Court on Defendant Wal-Mart Stores, Inc.'s (Wal-Mart)

19  motion for summary judgment.  Dkt. 36.  The Plaintiff Gerald R. Tarutis, as guardian ad Litem

20  for minor A.B. (Tarutis), filed a response requesting a continuance of the motion pursuant to

    Fed. R. Civ. P. 56(d), or in the alternative, denial of the motion.  Dkt. 43.
21
         The Court has considered the pleadings in support of and in opposition to the motion and
22
    the record herein.
23

24

ORDER DENYING WITHOUT PREJUDICE
DEFENDANT WAL-MART STORES, INC.,'S
MOTION FOR SUMMARY JUDGMENT- 1

1                          **INTRODUCTION AND BACKGROUND**

2          On January 27, 2012, this case was removed from Pierce County Superior Court.  Dkt. 1.

3   The case was filed by Cheryl Berg, as guardian of the minor child A.B., on behalf of A.B. and of

4   the child's mother, Shani Berry.  Dkt. 1-1.  The complaint alleges that the minor child was injured

5   when he touched a light fixture on the premises of Wal-Mart.  Dkt. 1-1.  Wall-Mart

6   Stores, Inc., and Spaulding Lighting, Inc., were named as defendants.  Dkt. 1-1.  Due to client

7   difficulties with Shani Berry, little progress was achieved in the prosecution of the action and the

8   case scheduled was not followed.  Ultimately, Plaintiffs' counsel and the minor's guardian *ad*

9   *litem* moved to withdraw from their respective representations of the parties.  Dkts. 15 and 17.

10  On July 13, 2012, the Court conducted a hearing on the motions to withdraw.  Shani Berry did

11  not appear in response to the Court's Order to Appear.  Dkt. 21.  At the conclusion of the hearing

12  the Court granted the respective motions to withdraw.  Dkts. 19 and 20.  Plaintiff Shani Berry

13  was provided notification that she could proceed *pro se* on her on behalf.

14         On July 16, 2012, the Court appointed a new guardian *ad litem* to represent the minor

15  Plaintiff.  Dkt. 22.  The order of appointment directed the guardian *ad litem* to file a status report

16  with the Court and if appropriate, to file a motion for appointment of counsel. The case schedule

17  issued by the court on May 1, 2012, remained in effect unless and until changed by the court.  *Id.*

18         On September 18, 2012, the guardian *ad litem* moved for the appointment of counsel.

19  Dkt. 27.  The motion indicated that the guardian was seeking mediation prior to engaging in

20  additional discovery.  *Id.*  On October 5, 2012, this Court entered an order authorizing the

21  guardian *ad litem* to retain counsel and to proceed with the litigation.  Dkt. 30.

22         On November 13, 2012, a notice of appearance was filed by counsel on behalf of the

23  guardian *ad litem.*  Dkt. 31.

24

ORDER DENYING WITHOUT PREJUDICE
DEFENDANT WAL-MART STORES, INC,'S
MOTION FOR SUMMARY JUDGMENT- 2

1    On December 26, 2012, Defendant Wal-Mart filed the instant motion for summary

2 judgment. Dkt. 36. Wal-Mart asserts that Plaintiffs cannot meet their burden of proof at trial

3 that Wal-Mart knew or should have known that the walkway light fixtures had been vandalized.

4 *Id.* Wal-Mart states that all requests for discovery directed to the pro se Plaintiff Shani Berry

5 have gone unanswered, Plaintiffs have not conducted any depositions or disclosed any witnesses,

6 and that discovery closed on November 26, 2012.

7    In response to the motion for summary judgment, the guardian *ad litem,* relying on the

8 procedural history of the proceedings, requests the motion be continued or deferred pursuant to

9 Fed. R. Civ. P. 56(d) to allow further discovery to establish the minor Plaintiffs' claims, or

10 alternatively, the motion should be denied.  Dkt. 43.

11    On January 17, 2013, the Court dismissed Shani Berry from this action for her failure to

12 prosecute this matter, failure to keep the Court and opposing parties informed of her current

13 address, and failure to comply with Court orders.  Dkt. 45.

14    **SUMMARY JUDGMENT AND RULE 56(d)**

15    Federal Rule of Civil Procedure 56(a) provides that "[t]he court shall grant summary

16 judgment if the movant shows that there is no genuine dispute as to any material fact." Fed. R.

17 Civ. P. 56(a).  The moving party has the initial burden of demonstrating that there is an "absence

18 of a genuine issue of material fact." *Celotex v. Catrett*, 477 U.S. 317, 323 (1986).  This burden is

19 satisfied by merely "pointing out to the district court that there is an absence of evidence to support

20 the nonmoving party's case." *Id*. at 325.

21    Defendant Wal-Mart alleges there is a total lack of evidence to support the guardian ad

22 litem's claims.  To support this position, Wal-Mart identifies the lack of any evidence to establish

23

24

1    knowledge on the part of Wal-Mart of the vandalized light fixture.  Thus, Wal-Mart argues it has

2    met its burden of proof.

3         Once the moving party satisfies this initial burden, the nonmoving party must point to

4    particular parts of materials in the record, including depositions, documents, electronically stored

5    information, affidavits or declarations, stipulations, admissions, interrogatory answers, or other

6    materials that show there is a genuine issue of material fact.  Fed. R. Civ. P. 56(c).

7         However, Federal Rule of Civil Procedure 56(d) provides:

8         If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot
          present facts essential to justify its opposition, the court may:
9         (1) defer considering the motion or deny it;
          (2) allow time to obtain affidavits or declarations or to take discovery; or
10        (3) issue any other appropriate order.

11   Fed. R. Civ. P. 56(d).

12        In addition to stating specific reasons why a motion cannot be opposed, to obtain relief

13   under Rule 56(d), the opposing party must demonstrate that: (1) it has set forth in affidavit form

14   the specific facts it hopes to elicit from further discovery; (2) the facts sought exist; and (3) the

15   sought-after facts are essential to oppose summary judgment.  *Family Home & Fin. Ctr., Inc. v.*

16   *Fed. Home Loan Mortg. Corp.*, 525 F.3d 822, 827 (9th Cir. 2008).

17        Rule  56(d) "provides a device for litigants to avoid summary judgment when they have

18   not had sufficient time to develop affirmative evidence." *United States v. Kitsap Physicians Serv.,*

19   314 F.3d 995, 1000 (9th Cir. 2002).  The primary purpose of Rule 56(d) is to ensure that parties

20   have a reasonable opportunity to prepare their case and to ensure against a premature grant of

21   summary judgment.  A Rule 56(d) "continuance of a motion for summary judgment for purposes

22   of conducting discovery should be granted almost as a matter of course unless the non-moving

23

24

ORDER DENYING WITHOUT PREJUDICE
DEFENDANT WAL-MART STORES, INC,'S
MOTION FOR SUMMARY JUDGMENT- 4

1    party has not diligently pursued discovery of evidence." *Burlington N. Santa Fe R.R. Co. v. The*

2    *Assiniboine and Souix Tribes of the Ft. Peck Reservation*, 323 F.3d 767, 773-74 (9th Cir. 2003).

3        The inability to respond to Wal-Mart's motion for summary judgment is not due to fault

4    of the minor Plaintiff, the current guardian *ad litem*, or recently appointed counsel.  The majority

5    basis, if not all, for the lack of discovery apparently lies with the uncooperative Plaintiff Shani

6    Berry, who is no longer a party to this action.

7        The Court finds that Plaintiff has made a sufficient showing to benefit from the protection

8    against the premature granting of summary judgment under Federal Rule of Civil Procedure

9    56(d).  The Court will permit additional discovery and the retention of expert testimony relating

10   to the adequacy and reasonableness of Wal-Mart's accident\injury prevention procedures and

11   practices for the subject walkway and lighting units.

12                                    **CONCLUSION**

13       Therefore it is hereby **ORDERED**:

14   1.   Defendant Wal-Mart Stores, Inc.'s Motion for Summary Judgment is **DENIED**

15        **WITHOUT PREJUDICE.**  Defendant may renew its motion for summary judgment

16        at a future date.

17   2.   The parties are granted an additional thirty (30) days to complete discovery.

18   Dated this 23rd day of January, 2013.

19

20

21        ROBERT J. BRYAN
          United States District Judge

22

23

24

ORDER DENYING WITHOUT PREJUDICE
DEFENDANT WAL-MART STORES, INC.'S
MOTION FOR SUMMARY JUDGMENT- 5