UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| GERALD R TARUTIS as guardian ad litem for A.B., a minor, and SHANI BERRY,<br><br>Plaintiffs,<br><br>v.<br><br>WAL-MART STORES, INC., and SPAULDING LIGHTING, INC.,<br><br>Defendants. | CASE NO. C12-5076 RJB<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO DISMISS WITHOUT PREJUDICE OF CLAIMS AGAINST SPAULDING LIGHTING, INC. AND DENYING AS MOOT DEFENDANT SPAULDING LIGHTING'S MOTION FOR SUMMARY JUDGMENT |

This matter comes before the Court on Defendant Spaulding Lighting's (Spaulding) motion for summary judgment. Dkt. 33. The Plaintiff Gerald R. Tarutis, as guardian ad Litem for minor A.B. (Tarutis), filed a response stating that Plaintiff Tarutis "does not present evidence to controvert Spaulding Lighting's Motion." Dkt. 43 p. 1. Spaulding filed a reply indicating that its motion was unopposed and requesting dismissal of Plaintiff's claims with prejudice. Dkt. 46. On the same date Spaulding filed its reply, Plaintiff filed a request pursuant to Fed. R. Civ. P. 41(a)(2) for voluntary dismissal without prejudice of the claims against Spaulding. Dkt. 47.

ORDER GRANTING PLAINTIFF'S MOTION TO
DISMISS WITHOUT PREJUDICE OF CLAIMS
AGAINST SPAULDING LIGHTING, INC. AND- 1

## SUMMARY JUDGMENT AND DISMISSAL WITHOUT PREJUDICE

Federal Rule of Civil Procedure 41(a)(2) allows a plaintiff, pursuant to an order of the court, and subject to any terms and conditions the court deems proper, to dismiss an action without prejudice at any time. See Fed. R. Civ. P. 41(a)(2); *Stevedoring Servs. of Am. v. Armilla Int'l B.V.*, 889 F.2d 919, 921 (9th Cir.1989). When ruling on a motion to dismiss without prejudice, the district court must determine whether the defendant will suffer some plain legal prejudice as a result of the dismissal. *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001); *Hyde & Drath v. Baker*, 24 F.3d 1162, 1169 (9th Cir.1994).

Legal prejudice does not result merely because a defendant will be inconvenienced by potentially having to defend the action in a different forum or because the dispute will remain unresolved. *WPP Luxembourg Gamma Three Sarl v. Spot Runner, Inc.*, 655 F.3d 1030, 1059 n. 6 (9th Cir. 2011). Expenses incurred in defending a lawsuit also do not amount to legal prejudice. *Westlands Water Dist. v. United States*, 100 F.3d 94, 97 (9th Cir.1996). Legal prejudice does not result because the dispute remains unresolved, there is a threat of future litigation, or a plaintiff may gain a tactical advantage by the dismissal. *Smith*, 263 F.3d at 976. Instead, to have "legal prejudice," there must be "prejudice to some legal interest, some legal claim, some legal argument." *Id.*

Defendant Spaulding argues that it has expended significant effort in discovery and in preparation of its motion for summary judgment. Plaintiff, on the other hand, has offered no evidence or argument in response to Spaulding's summary judgment motion. Spaulding asserts that Plaintiff is simply attempting to avoid an adverse ruling on the motion for summary judgment. Dkt. 53 pp. 3-6.

Although Spaulding has suffered some prejudice in having incurred litigation expenses, Spaulding has not demonstrated that it suffered prejudice to some legal interest. Further, any prejudice related to legal expenses incurred in connection with the instant motion for summary judgment may be lessened because Spaulding may apply the information gained here in a subsequent action, should one be filed.

The record presented indicates that the timing of Plaintiff's motion to dismiss, while not ideal, is not due to any fault of Plaintiff or his current attorney. All indications are that the minor Plaintiff's mother, Shani Berry, failed to prosecute the matter on the minor's behalf, and then essentially abandoned the prosecution of this matter. See Dkt. 45. Spaulding's motion for summary judgment was filed a week subsequent to the appearance of new counsel. See Dkt. 31 and 33. The motion to dismiss without prejudice was filed in response to the motion for summary judgment. Dkt. 47.

As the Tenth Circuit has observed in the context of Rule 41(a)(2):

> The district court should endeavor to insure substantial justice is accorded to both parties. A court, therefore, must consider the equities not only facing the defendant, but also those facing the plaintiff; a court's refusal to do so is a denial of a full and complete exercise of judicial discretion. In a complex, emotional case such as this, it is critically important when considering a motion to dismiss, the court give the equities of the plaintiff the attention deserved.

*Ohlander v. Larson*, 114 F.3d 1531, 1537 (10th Cir.1997). A district court is "obligated to consider the novelty of the circumstances" surrounding each case. *Ohlander*, 114 F.3d at 1531. As in *Ohlander*, this case presents unusual circumstances. Considering the equities facing both sides, the Court finds that Plaintiff should be permitted to voluntarily dismiss the case against Spaulding without prejudice and that Defendant would not suffer plain legal prejudice as a result of such a dismissal.

DENYING AS MOOT DEFENDANT SPAULDING
LIGHTING'S MOTION FOR SUMMARY
JUDGMENT- 3

Defendant Spaulding's motion for summary judgment should be denied as moot.

## CONCLUSION

Accordingly, it is hereby **ORDERED:**

1. Plaintiffs' motion for voluntary dismissal without prejudice of claims against Defendant Spaulding Lighting, Inc. (Dkt. 47) is **GRANTED**. This action is **DISMISSED WITHOUT PREJUDICE** against Defendant Spaulding Lighting, Inc.

2. Defendant Spaulding Lighting, Inc's. Motion for Summary Judgment (Dkt. 33) is **DENIED** as **MOOT**

Dated this 5th day of February, 2013.

*[signature]*

ROBERT J. BRYAN
United States District Judge